William C. Baton
Alexander L. Callo
**SAUL EWING LLP**
One Riverfront Plaza
1037 Raymond Blvd., Suite 1520
Newark, NJ 07102
wbaton@saul.com

*Attorneys for Plaintiff*
*Supernus Pharmaceuticals, Inc.*

OF COUNSEL:

Edgar H. Haug
Nicholas F. Giove
Andrew Wasson
Kaitlin M. Farrell
**HAUG PARTNERS LLP**
745 Fifth Avenue
New York, NY 10151

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SUPERNUS PHARMACEUTICALS, INC.,**<br><br>     **Plaintiff,**<br><br> v.<br><br> **ZYDUS LIFESCIENCES GLOBAL FZE, ZYDUS PHARMACEUTICALS (USA) INC., and ZYDUS LIFESCIENCES LIMITED,**<br><br>     **Defendants.** | Civil Action No. _____<br><br><br> **COMPLAINT FOR PATENT INFRINGEMENT**<br><br> **(Filed Electronically)** |

Plaintiff Supernus Pharmaceuticals, Inc. ("Supernus" or "Plaintiff"), by its undersigned attorneys, for its Complaint against Defendants Zydus Lifesciences Global FZE ("Zydus FZE"), Zydus Pharmaceuticals (USA) Inc. ("Zydus USA"), and Zydus Lifesciences Limited ("Zydus Limited" and collectively with Zydus FZE and Zydus USA, "Defendants"), alleges as follows:

### NATURE OF THE ACTION

1.     This is a civil action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, involving United States Patent Nos. 9,358,204 ("the

'204 patent"); 9,603,853 ("the '853 patent"); and 9,662,338 ("the '338 patent"), attached hereto as Exhibits A–C (collectively, "the patents-in-suit").

## THE PARTIES

2.    Plaintiff Supernus is a corporation organized and existing under the laws of Delaware, having a place of business at 9715 Key West Avenue, Rockville, Maryland 20850.

3.    Upon information and belief, Defendant Zydus FZE is a corporation organized and existing under the laws of Dubai, United Arab Emirates, having a principal place of business at Fzjo B2601, Jebel Ali Free Zone Dubai, Dubai, United Arab Emirates.

4.    Upon information and belief, Defendant Zydus USA is a corporation organized and existing under the laws of New Jersey, having a principal place of business at 73 Route 31 North, Pennington, New Jersey 08534.

5.    Upon information and belief, Defendant Zydus Limited is a corporation organized and existing under the laws of India, having a principal place of business located at Zydus Corporate Park, Scheme No. 63, Survey No. 536, Khoraj (Gandhinagar), Nr. Vaishnodevi Circle, S. G. Highway, Ahmedabad 382 481, India.

6.    Upon information and belief, Defendants Zydus FZE and Zydus USA are wholly-owned subsidiaries of Zydus Limited.

7.    Zydus USA's website states:

> Zydus Pharmaceuticals (USA) Inc. is the US generic drug division of a much larger company known as Zydus Lifesciences. Zydus Lifesciences is a global, fully integrated pharmaceutical company with a presence in 50 countries and is committed to growing its presence around the world and in the United States.

https://zydususa.com/ (last visited on June 25, 2025).

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.     This Court has personal jurisdiction over Defendants under: (i) Fed. R. Civ. P. 4(k)(1) and N.J. Ct. R. 4:4-4; and/or (ii) Fed. R. Civ. P. 4(k)(2).

10.     This Court has personal jurisdiction over Zydus FZE at least because, upon information and belief: (i) Zydus FZE, itself and through related entities and agents, has purposefully availed itself of the privilege of doing business in the State of New Jersey by continuously and systematically placing goods in the stream of commerce for importation, use, sale, offer for sale, and/or distribution throughout the United States, including the State of New Jersey; (ii) Zydus FZE, itself and through related entities and agents, regularly transacts or solicits business, performs work, and contracts to supply goods and services in New Jersey and/or derives substantial revenue from goods or services used or consumed in New Jersey; (iii) Zydus FZE, itself and through related entities and agents, is in the business of developing and manufacturing generic pharmaceutical products for importation, use, sale, offer for sale, and/or distribution throughout the United States, including in the State of New Jersey; (iv) Zydus FZE has consented and submitted to this Court's jurisdiction in prior civil actions and has invoked the benefits and protections of this Court by asserting counterclaims in prior civil actions;[1] (v) Zydus FZE's contacts with this Judicial District—e.g., the manufacturing, importation, use, sale, offer for sale, and/or distribution of generic pharmaceutical products (including the accused products at issue in this action)—give rise to and/or are related to

---

[1] *See, e.g., Jazz Pharmaceuticals Ireland Ltd. v. Sandoz Inc.*, No. 24-cv-09110 (RK) (RLS), ECF No. 52 (D.N.J.) (not contesting personal jurisdiction and filing counterclaims); *Genentech, Inc. v. Natco Pharma Ltd.*, No. 24-cv-10567 (BRM) (JSA), ECF No. 30 (D.N.J.) (same).

Plaintiff's claims; (vi) Zydus FZE, itself and through related entities and agents, has committed, induced, and/or contributed to acts of patent infringement in New Jersey; (vii) if Defendants' Abbreviated New Drug Application ("ANDA") No. 220545 ("Defendants' ANDA") receives final approval, Defendants' viloxazine extended-release capsules (100 mg, 150 mg, and 200 mg) ("Defendants' ANDA Products") will be marketed and distributed by Zydus FZE in the State of New Jersey, prescribed by physicians practicing in the State of New Jersey, dispensed by pharmacies located within the State of New Jersey, and used by patients in the State of New Jersey; and (viii) it is reasonable and fair for this Court to exercise personal jurisdiction over Zydus FZE.

11.     In the alternative, this Court has jurisdiction over Zydus FZE under Fed. R. Civ. P. 4(k)(2) because: (i) Supernus's claims arise under federal law; (ii) Zydus FZE is a foreign defendant not subject to jurisdiction in any state's courts of general jurisdiction; and (iii) Zydus FZE has sufficient contacts with the United States as a whole—including, but not limited to, preparing and submitting ANDAs to the U.S. Food and Drug Administration ("FDA") and/or importing, manufacturing, using, selling, offering to sell, and distributing pharmaceutical products throughout the United States—such that this Court's exercise of jurisdiction over Zydus FZE satisfies due process and is otherwise consistent with the United States Constitution and laws.

12.     This Court has personal jurisdiction over Zydus Limited at least because, upon information and belief: (i) Zydus Limited, itself and through related entities and agents, has purposefully availed itself of the privilege of doing business in the State of New Jersey by continuously and systematically placing goods in the stream of commerce for importation, use, sale, offer for sale, and/or distribution throughout the United States, including the State of New

Jersey; (ii) Zydus Limited, itself and through related entities and agents, regularly transacts or

solicits business, performs work, and contracts to supply goods and services in New Jersey

and/or derives substantial revenue from goods or services used or consumed in New Jersey;

(iii) Zydus Limited, itself and through related entities and agents, is in the business of developing

and manufacturing generic pharmaceutical products for importation, use, sale, offer for sale,

and/or distribution throughout the United States, including in the State of New Jersey; (iv) Zydus

Limited has consented and submitted to this Court's jurisdiction in prior civil actions and has

invoked the benefits and protections of this Court by asserting counterclaims in prior civil

actions;[2] (v) Zydus Limited's contacts with this Judicial District—e.g., the manufacturing,

importation, use, sale, offer for sale, and/or distribution of generic pharmaceutical products

(including the accused products at issue in this action)—give rise to and/or are related to

Plaintiff's claims; (vi) Zydus Limited, itself and through related entities and agents, has

committed, induced, and/or contributed to acts of patent infringement in New Jersey; (vii) if

Defendants' ANDA receives final approval, Defendants' ANDA Products will be marketed and

distributed by Zydus Limited in the State of New Jersey, prescribed by physicians practicing in

the State of New Jersey, dispensed by pharmacies located within the State of New Jersey, and

used by patients in the State of New Jersey; and (viii) it is reasonable and fair for this Court to

exercise personal jurisdiction over Zydus Limited.

      13.    In the alternative, this Court has jurisdiction over Zydus Limited under Fed. R.

Civ. P. 4(k)(2) because: (i) Supernus's claims arise under federal law; (ii) Zydus Limited is a

---

[2] *See, e.g.*, *AstraZeneca Pharms. LP v. Zydus Pharms. (USA) Inc.*, No. 24-cv-10629 (RK) (TJB),
ECF No. 11 (D.N.J.) (consenting to personal jurisdiction and filing counterclaims); *Jazz Pharms.
Ireland Ltd. v. Sandoz Inc.*, No. 24-cv-09110 (RK) (RLS), ECF No. 52 (D.N.J.) (same);
*Genentech, Inc. v. Natco Pharma Ltd.*, No. 24-cv-10567 (BRM) (JSA), ECF No. 30 (D.N.J.)
(same).

foreign defendant not subject to jurisdiction in any state's courts of general jurisdiction; and (iii) Zydus Limited has sufficient contacts with the United States as a whole—including, but not limited to, preparing and submitting ANDAs to FDA and/or importing, manufacturing, using, selling, offering to sell, and distributing pharmaceutical products throughout the United States— such that this Court's exercise of jurisdiction over Zydus Limited satisfies due process and is otherwise consistent with the United States Constitution and laws.

14.    This Court has personal jurisdiction over Zydus USA at least because, upon information and belief: (i) Zydus USA is incorporated in New Jersey; (ii) Zydus USA maintains principal places of business in New Jersey located at 73 Route 31 North, Pennington, New Jersey 08534; (iii) Zydus USA is doing business in New Jersey and maintains continuous and systematic contacts with this Judicial District; (iv) Zydus USA is in the business of developing and manufacturing generic pharmaceutical products for importation, sale, and/or distribution in the State of New Jersey; (v) Zydus USA has committed, induced, and/or contributed to acts of patent infringement in New Jersey; (vi) Zydus USA has consented and submitted to this Court's jurisdiction in prior civil actions and has invoked the benefits and protections of this Court by asserting counterclaims in prior civil actions;[3] (vii) Zydus USA is registered with the State of New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey with Business Identification Number 0100915422; (viii) Zydus USA is registered with the State of New Jersey's Department of Health as a drug and medical device "wholesale" with Registration Number 5003171; (ix) if Defendants' ANDA receives final approval, Defendants'

---

[3] *See, e.g.*, *AstraZeneca Pharms. LP v. Zydus Pharms. (USA) Inc.*, No. 24-cv-10629 (RK) (TJB), ECF No. 11 (D.N.J.) (not contesting personal jurisdiction and filing counterclaims); *Jazz Pharms. Ireland Ltd. v. Sandoz Inc.*, No. 24-cv-09110 (RK) (RLS), ECF No. 52 (D.N.J.) (same); *Genentech, Inc. v. Natco Pharma Ltd.*, No. 24-cv-10567 (BRM) (JSA), ECF No. 30 (D.N.J.) (same).

ANDA Products will be marketed and distributed by Zydus USA in the State of New Jersey, prescribed by physicians practicing in the State of New Jersey, dispensed by pharmacies located within the State of New Jersey, and used by patients in the State of New Jersey; and (x) it is reasonable and fair for this Court to exercise personal jurisdiction over Zydus USA.

15.     Upon information and belief, pursuant to § 505(j) of the Federal Food, Drug, and Cosmetic Act ("FDCA") (codified at 21 U.S.C. § 355(j)), Defendants have prepared, submitted, and filed with FDA, and FDA has received, Defendants' ANDA seeking approval to engage in the commercial manufacture, use, importation, offer for sale, and/or sale of Defendants' ANDA Products.

16.     Upon information and belief, Defendants acted collaboratively in the preparation and submission of Defendants' ANDA to FDA.

17.     This Court has personal jurisdiction over Defendants at least because, upon information and belief, if Defendants' ANDA receives final approval, Defendants' ANDA Products will be manufactured, sold, distributed, and/or used by Defendants in New Jersey, prescribed by physicians practicing in New Jersey, and/or administered to patients in New Jersey.

18.     Upon information and belief, Defendants' acts of preparing and filing Defendants' ANDA and directing notice of their ANDA submission to Plaintiff are acts with real and injurious consequences giving rise to this infringement action, including the present and/or anticipated commercial manufacture, use, and/or sale of Defendants' ANDA Products before the expiration of the patents-in-suit throughout the United States, including in this Judicial District. Because defending against an infringement lawsuit such as this one is an essential and expected part of an ANDA filer's business, Defendants reasonably anticipate being sued in New Jersey.

19.     Defendants' ANDA filing implicating the patents-in-suit directly relates to this litigation and is substantially connected with this Judicial District because it reliably and non-speculatively predicts Defendants' intent to market and sell Defendants' ANDA Products in this Judicial District.

20.     Defendants have taken the significant step of applying to FDA for approval to engage in future activities—including the marketing of Defendants' ANDA Products—which, upon information and belief, will be purposefully directed at this Judicial District.

21.     Upon information and belief, Defendants have thus been, and continue to be, joint and prime actors in the drafting, submission, approval, and maintenance of Defendants' ANDA and intend to benefit from Defendants' ANDA upon receiving final FDA approval.

22.     Venue is proper in this Court under 28 U.S.C. §§ 1391(b), 1391(c), and/or 1400(b).

### FACTS COMMON TO ALL COUNTS

23.     Upon information and belief, on or about May 27, 2025, Defendants sent a letter pursuant to § 505(j)(2)(B)(ii) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)(2)(B)(ii) and 21 C.F.R. § 314.95) regarding the paragraph IV certification that Defendants submitted in Defendants' ANDA and the patents-in-suit (the "Notice Letter") to Supernus at 9715 Key West Avenue, Rockville, Maryland 20850.

24.     The Notice Letter included an Offer of Confidential Access ("OCA") to unspecified portions of Defendants' ANDA, purportedly pursuant to 21 U.S.C. § 355(j)(5)(C)(i)(III).

25.     Defendants' OCA accompanying the Notice Letter contained numerous unreasonable and overly restrictive provisions. Plaintiff proposed revisions that comport with restrictions that "would apply had a protective order been entered for the purpose of protecting

trade secrets and other confidential business information." *See* 21 U.S.C. § 355.  Plaintiff and Defendants did not reach agreement on the terms of an Offer of Confidential Access and, to date, Defendants have not produced a copy of Defendants' ANDA to Plaintiff.

26.    According to the Notice Letter, Defendants filed Defendants' ANDA with the FDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Defendants' ANDA Products.

27.    Upon information and belief, Defendants are in the business of, *inter alia*: (i) the development and manufacture of generic pharmaceutical products for sale throughout the United States, including throughout the State of New Jersey, and importing generic pharmaceutical products into the United States, including throughout the State of New Jersey; (ii) the preparation, submission, and filing of ANDAs seeking FDA approval to market generic drugs throughout the United States, including throughout the State of New Jersey; and (iii) the distribution of generic pharmaceutical products for sale throughout the United States, including throughout the State of New Jersey.

28.    Upon information and belief, Defendants were all actively involved in filing Defendants' ANDA and all stand to benefit from its approval.

29.    Upon information and belief, Defendants collaborate to develop, manufacture, import, market, distribute, and/or sell pharmaceutical products, including generic drug products such as Defendants' ANDA Products, that will be manufactured and sold pursuant to an ANDA throughout the United States, including throughout the State of New Jersey.

30.    Upon information and belief, Defendants derive substantial revenue from directly or indirectly selling generic pharmaceutical products throughout the United States, including in this Judicial District.

31.     Defendants' website states that "[t]he company currently offers more than 500 SKUs to the US market and is ranked the fifth largest unbranded generic corporation in the US based on dispensed prescriptions (IQVIA, NPA Audit, MAT Mar 2023)." *See* https://zydususa.com/overview/ (last visited on June 25, 2025).

32.     Defendants' website states that Defendants "are focused on expanding [their] portfolio of complex generics, including modified release solid orals . . . ." *See* https://zydususa.com/overview/ (last visited on June 25, 2025).

33.     Defendants' website states that "[t]o date, Zydus Pharmaceuticals has filed over 129 drug master files (DMFs), received final USFDA approval on 287 Abbreviated New Drug Applications (ANDAs), and has over 85 ANDAs pending approval with the USFDA." *See* https://zydususa.com/overview/ (last visited on June 25, 2025)).

34.     21 U.S.C. § 355(j)(2)(B)(iv)(II) requires that a letter notifying a patent holder of the filing of an ANDA containing a paragraph IV certification "include a detailed statement of the factual and legal basis of the opinion of the applicant that the patent is invalid or will not be infringed." 21 C.F.R. § 314.95(c)(7) requires that such a letter include "[a] detailed statement of the factual and legal basis of the applicant's opinion that the patent is not valid, unenforceable, or will not be infringed."  The detailed statement must include "(i) [f]or each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed" and "(ii) [f]or each claim of a patent alleged to be invalid or unenforceable, a full and detailed explanation of the grounds supporting the allegation."  21 C.F.R. § 314.95(c)(7)(i)-(ii).

35.     Upon information and belief, as of the date of the Notice Letter, Defendants were aware of the statutory provisions and regulations set out in 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7).

36.    Upon information and belief, the Notice Letter does not disclose any invalidity contentions or opinions specifically directed to any claim of the patents-in-suit.  Accordingly, upon information and belief, Defendants acknowledge and admit that the patents-in-suit are not invalid.

37.    Upon information and belief, the Notice Letter does not disclose any unenforceability contentions for the patents-in-suit.

38.    Supernus's Qelbree® is sold and marketed under New Drug Application ("NDA") No. 211964, which was approved by FDA for the manufacture and sale of viloxazine extended-release capsules 100 mg, 150 mg and 200 mg.

39.    Qelbree® is a selective norepinephrine reuptake inhibitor indicated for the treatment of Attention Deficit Hyperactivity Disorder (ADHD) in adults and pediatric patients 6 years and older.

40.    Qelbree®'s recommended dosage is as follows:

- Pediatric patients 6 to 11 years of age: Recommended starting dosage is 100 mg once daily.  May titrate in increments of 100 mg weekly to the maximum recommended dosage of 400 mg once daily

- Pediatric patients 12 to 17 years of age: Recommended starting dosage is 200 mg once daily.  May titrate after 1 week, by an increment of 200mg, to the maximum recommended dosage of 400 mg once daily

- Adult patients: Recommended starting dosage is 200 mg once daily.  May titrate in increments of 200 mg weekly, to maximum recommended dosage of 600 mg once daily

- Capsules may be swallowed whole or opened and the entire contents sprinkled onto applesauce or pudding

- Severe Renal Impairment: Initial dosage is 100 mg once daily. Titrate in weekly increments of 50 mg to 100 mg to a maximum recommended dosage of 200 mg once daily

41.     FDA's publication, titled, "Approved Drug Products with Therapeutic Equivalence Evaluations" (commonly known as the "Orange Book"), lists six (6) patents—specifically, the three (3) patents-in-suit and United States Patent Nos. 11,324,753 ("the '753 patent"); 11,458,143 ("the '143 patent"); and 12,121,523 ("the '523 patent")—as covering Supernus's Qelbree®.  Pursuant to 21 U.S.C. §§ 355(b)(1) and 355(c)(2), the six Orange Book patents were submitted to FDA with or after the approval of NDA No. 211964.

42.     The patents-in-suit are listed in the Orange Book as covering Qelbree®.

43.     The '204 patent, titled, "Formulations of Viloxazine," was duly and legally issued by the United States Patent and Trademark Office on June 7, 2016, to Supernus upon assignment from inventors Michael Vieira, Austin B. Huang, and Padmanabh P. Bhatt.  Supernus owns all rights, title, and interest in the '204 patent.

44.     The '853 patent, titled, "Formulations of Viloxazine," was duly and legally issued by the United States Patent and Trademark Office on March 28, 2017, to Supernus upon assignment from inventors Michael Vieira, Austin B. Huang, and Padmanabh P. Bhatt.  Supernus owns all rights, title, and interest in the '853 patent.

45.     The '338 patent, titled, "Formulations of Viloxazine," was duly and legally issued by the United States Patent and Trademark Office on May 30, 2017, to Supernus upon assignment from inventors Michael Vieira, Austin B. Huang, and Padmanabh P. Bhatt.  Supernus owns all rights, title, and interest in the '338 patent.

46.     Upon information and belief, Defendants' ANDA is based upon Qelbree® (viloxazine extended-release capsules), 100 mg, 150 mg and 200 mg, as its reference listed drug.

47.     Upon information and belief, Defendants' ANDA Products are viloxazine extended-release capsules, 100 mg, 150 mg and 200 mg.

48.    Upon information and belief, Defendants have represented to FDA in Defendants' ANDA that Defendants' ANDA Products are bioequivalent to Qelbree®.

49.    21 U.S.C. § 355(j)(2)(A)(i) requires that an ANDA contain "information to show that the conditions of use prescribed, recommended, or suggested in the labeling proposed for the new drug have been previously approved for a drug listed under paragraph (7)."  In addition, 21 U.S.C. § 355(j)(2)(A)(v) provides that an ANDA must contain "information to show that the labeling proposed for the new drug is the same as the labeling approved for the listed drug referred to in clause (i) except for changes required because of differences approved under a petition filed under subparagraph (C) or because the new drug and the listed drug are produced or distributed by different manufacturers."

50.    The Notice Letter does not indicate that Defendants intend to market Defendants' ANDA Products with labeling that materially differs from the Qelbree® label, including, for example, in terms of indications and usage, dosage and administration, dosage forms and strengths, contraindications, warnings and precautions, adverse reactions, drug interactions, use in specific populations, overdosage, description, clinical pharmacology, nonclinical toxicology, clinical studies, how supplied/storage and handling, patient counseling information, or composition of Defendants' ANDA Products.  *See, e.g.,* https://www.accessdata.fda.gov/drugsatfda_docs/label/2025/211964s013lbl.pdf#page=21 (last visited June 17, 2025).

51.    Upon information and belief, the proposed prescribing information for Defendants' ANDA Products includes a section titled, "Indication and Usage" stating that Defendants' ANDA Products are "indicated for the treatment of Attention-Deficit Hyperactivity Disorder (ADHD) in adults and pediatric patients 6 years and older."

52.     Upon information and belief, the proposed prescribing information for Defendants' ANDA Products includes a section titled, "Dosage and Administration," containing information about the recommended dosage for adult and pediatric patients.  Upon information and belief, the proposed prescribing information for Defendants' ANDA Products recommends: (i) administering 100 mg orally once daily as the recommended starting dosage for pediatric patients 6 to 11 years of age, which may be titrated in increments of 100 mg at weekly intervals to a maximum recommended dose of 400 mg once daily, depending on response and tolerability, (ii) administering 200 mg orally once daily as the recommended starting dosage for pediatric patients 12 to 17 years of age, which may be titrated in increments of 200 mg after one week to the maximum recommended dosage of 400 mg once daily, depending on response and tolerability; and (iii) administering 200 mg orally once daily as the recommended starting dosage for adults, which may be titrated in increments of 200 mg weekly to the maximum recommended dosage of 600 mg once daily, depending on response and tolerability.

53.     Upon information and belief, the proposed prescribing information for Defendants' ANDA Products includes a section titled, "Mechanism of Action," stating that "[t]he mechanism of action of viloxazine in the treatment of ADHD is unclear; however, it is thought to be through inhibiting the reuptake of norepinephrine."

54.     Upon information and belief, the proposed prescribing information for Defendants' ANDA Products includes a section titled, "Pharmacodynamics," stating that Defendants' ANDA Products also "bind[] to and inhibit[] the norepinephrine transporter (Ki=0.13 μM)" and "bind[] to and exhibit[] partial agonist activity at the serotonin 5-HT2C receptor (Ki=0.66 μM)."

55.     Upon information and belief, Defendants' ANDA Products will have labeling that instruct patients to call their healthcare provider or get emergency help if they experience "new or worse depression" or "new or worse anxiety."

56.     Upon information and belief, Defendants jointly developed Defendants' ANDA Products and jointly sought approval from FDA to sell Defendants' ANDA Products throughout the United States, including within this Judicial District.

57.     Upon information and belief, Defendants jointly prepared and submitted Defendants' ANDA and are jointly prosecuting and maintaining Defendants' ANDA.

### FIRST COUNT
**(Defendants' Infringement of the '204 Patent)**

58.     Supernus repeats and re-alleges each of the foregoing Paragraphs as if fully set forth herein.

59.     Upon information and belief, Defendants submitted Defendants' ANDA to FDA pursuant to § 505(j) of the FDCA (codified at 21 U.S.C. § 355(j)) for the purpose of seeking FDA approval to market Defendants' ANDA Products prior to the expiration of the '204 patent.

60.     Upon information and belief, Zydus FZE provided, is providing, and will provide material and significant support, advice, aid, instruction, inducement, and encouragement to Zydus Limited and Zydus USA in the preparation, filing, maintenance, and further prosecution of Defendants' ANDA.

61.     Upon information and belief, Zydus Limited provided, is providing, and will provide material and significant support, advice, aid, instruction, inducement, and encouragement to Zydus FZE and Zydus USA in the preparation, filing, maintenance, and further prosecution of Defendants' ANDA.

62.     Upon information and belief, Zydus USA provided, is providing, and will provide material and significant support, advice, aid, instruction, inducement, and encouragement to Zydus FZE and Zydus Limited in the preparation, filing, maintenance, and further prosecution of Defendants' ANDA.

63.     Upon information and belief, Defendants are jointly and severally liable for Defendants' infringement of one or more claims of the '204 patent.

64.     Upon information and belief, Defendants submitted Defendants' ANDA with a paragraph IV certification to the '204 patent for the purpose of obtaining FDA approval to engage in the commercial manufacture, use, sale, offering for sale, and/or importation of Defendants' ANDA Products before the expiration of the '204 patent.

65.     Upon information and belief, as of the date of the Notice Letter, Defendants were aware of the statutory provisions and regulations in 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7).

66.     Defendants sent the Notice Letter to Supernus purportedly pursuant to 21 U.S.C. § 355(j)(2)(B)(iv) and 21 C.F.R. § 314.95(d)(1).

67.     Under 35 U.S.C. § 271(e)(2)(A), the submission of Defendants' ANDA with a paragraph IV certification to the '204 patent for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of Defendants' ANDA Products before the expiration of the '204 patent is itself an act of infringement of the '204 patent.

68.     Upon information and belief, Defendants will commercially manufacture, use, offer to sell, sell within the United States, and/or import into the United States Defendants' ANDA Products upon receiving final FDA approval.

69.    Upon information and belief, Defendants' commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Defendants' ANDA Products would infringe, directly and/or indirectly, one or more claims of the '204 patent under 35 U.S.C. § 271(a), 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c).

70.    Upon information and belief, the commercial manufacture, use, offer to sell, or sale of the Defendants' ANDA Products prior to the expiration of the '204 patent will directly infringe the '204 patent under 35 U.S.C. § 271(a), will actively induce another's infringement of the '204 patent under 35 U.S.C. § 271(b), and will constitute contributory infringement of the '204 patent under 35 U.S.C. § 271(c).

71.    Upon information and belief, Defendants' ANDA Products will be marketed with labeling that substantially copies the labeling for Qelbree®.

72.    Upon information and belief, the label for Defendants' ANDA Products that will be made available to third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists) upon FDA approval of Defendants' ANDA will encourage such third parties to infringe one or more of the claims of the '204 patent.

73.    Upon information and belief, the use of Defendants' ANDA Products by third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists) according to the instructions on the label of Defendants' ANDA Products will constitute an act of direct infringement of one or more of the claims of the '204 patent.

74.    Upon information and belief, by making, using, selling, offering for sale, and/or importing into the United States Defendants' ANDA Products and/or distributing the

corresponding labeling, package insert, and/or medication guide, Defendants will knowingly encourage, advise, instruct, urge, aid, and otherwise induce third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists), to make, use, sell, offer for sale, and/or import into the United States products that infringe the claims, or the making or use of which infringes the claims, of the '204 patent.

75.     Upon information and belief, Defendants intend such infringement by third parties, as Defendants are in the business of developing, manufacturing, marketing, selling, and distributing generic pharmaceutical products throughout the United States.  Upon information and belief, Defendants know that their actions will induce acts that constitute direct infringement of claims of the '204 patent by, e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists.

76.     Upon information and belief, by offering for sale or selling within the United States or importing into the United States Defendants' ANDA Products and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendants will contribute to the infringement of the '204 patent by third parties because: (i) Defendants' ANDA Products constitutes a material part of the formulations claimed in the '204 patent; (ii) Defendants know or should know that Defendants' ANDA Products will be made for uses that directly infringe the formulations claimed in the '204 patent; and (iii) Defendants' ANDA Products are not staple articles or commodities of commerce suitable for substantial noninfringing uses.

77.     Upon information and belief, Defendants have acted with full knowledge of the '204 patent and its claims and without a reasonable basis for believing that Defendants would not be liable for infringement of the '204 patent.  Defendants knew of the existence of the '204 patent, as evidenced by Defendants' filing of Defendants' ANDA with a paragraph IV

certification specifically referencing the '204 patent. Notwithstanding this knowledge, Defendants have continued to signal their intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the Defendants' ANDA Products before the expiration of the patents-in-suit. Upon information and belief, through such activities, Defendants specifically intend infringement of the '204 patent.

78.     Upon information and belief, the actions described herein relating to Defendants' ANDA and Defendants' ANDA Products were done by and for the benefit of all Defendants.

79.     This case is "exceptional," and Supernus is entitled to an award of reasonable attorneys' fees under 35 U.S.C. § 285.

80.     Unless Defendants are permanently enjoined by this Court, the acts of infringement set forth above will cause Supernus irreparable harm for which there is no adequate remedy at law.

## SECOND COUNT
### (Defendants' Infringement of the '853 Patent)

81.     Supernus repeats and re-alleges each of the foregoing Paragraphs as if fully set forth herein.

82.     Upon information and belief, Defendants submitted Defendants' ANDA to FDA pursuant to § 505(j) of the FDCA (codified at 21 U.S.C. § 355(j)) for the purpose of seeking FDA approval to market Defendants' ANDA Products prior to the expiration of the '853 patent.

83.     Upon information and belief, Zydus FZE provided, is providing, and will provide material and significant support, advice, aid, instruction, inducement, and encouragement to Zydus Limited and Zydus USA in the preparation, filing, maintenance, and further prosecution of Defendants' ANDA.

84.     Upon information and belief, Zydus Limited provided, is providing, and will provide material and significant support, advice, aid, instruction, inducement, and encouragement to Zydus FZE and Zydus USA in the preparation, filing, maintenance, and further prosecution of Defendants' ANDA.

85.     Upon information and belief, Zydus USA provided, is providing, and will provide material and significant support, advice, aid, instruction, inducement, and encouragement to Zydus FZE and Zydus Limited in the preparation, filing, maintenance, and further prosecution of Defendants' ANDA.

86.     Upon information and belief, Defendants are jointly and severally liable for Defendants' infringement of one or more claims of the '853 patent.

87.     Upon information and belief, Defendants submitted Defendants' ANDA with a paragraph IV certification to the '853 patent for the purpose of obtaining FDA approval to engage in the commercial manufacture, use, sale, offering for sale, and/or importation of Defendants' ANDA Products before the expiration of the '853 patent.

88.     Upon information and belief, as of the date of the Notice Letter, Defendants were aware of the statutory provisions and regulations in 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7).

89.     Defendants sent the Notice Letter to Supernus purportedly pursuant to 21 U.S.C. § 355(j)(2)(B)(iv) and 21 C.F.R. § 314.95(d)(1).

90.     Under 35 U.S.C. § 271(e)(2)(A), the submission of Defendants' ANDA with a paragraph IV certification to the '853 patent for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of Defendants' ANDA Products before the expiration of the '853 patent is itself an act of infringement of the '853 patent.

91.     Upon information and belief, Defendants will commercially manufacture, use, offer to sell, sell within the United States, and/or import into the United States Defendants' ANDA Products upon receiving final FDA approval.

92.     Upon information and belief, Defendants' commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Defendants' ANDA Products would infringe, directly and/or indirectly, one or more claims of the '853 patent under 35 U.S.C. § 271(a), 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c).

93.     Upon information and belief, the commercial manufacture, use, offer to sell, or sale of the Defendants' ANDA Products prior to the expiration of the '853 patent will directly infringe the '853 patent under 35 U.S.C. § 271(a), will actively induce another's infringement of the '853 patent under 35 U.S.C. § 271(b), and will constitute contributory infringement of the '853 patent under 35 U.S.C. § 271(c).

94.     Upon information and belief, Defendants' ANDA Products will be marketed with labeling that substantially copies the labeling for Qelbree®.

95.     Upon information and belief, the label for Defendants' ANDA Products that will be made available to third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists) upon FDA approval of Defendants' ANDA will encourage such third parties to perform one or more of the methods claimed in the '853 patent.

96.     Upon information and belief, the use of Defendants' ANDA Products by third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists) according to the instructions on the label of

Defendants' ANDA Products will constitute an act of direct infringement of one or more of the methods claimed in the '853 patent.

97.    Upon information and belief, by making, using, selling, offering for sale, and/or importing into the United States Defendants' ANDA Products and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendants will knowingly encourage, advise, instruct, urge, aid, and otherwise induce third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists), to make, use, sell, offer for sale, and/or import into the United States products that infringe the claims, or the making or use of which infringes the claims, of the '853 patent.

98.    Upon information and belief, Defendants intend such infringement by third parties, as Defendants are in the business of developing, manufacturing, marketing, selling, and distributing generic pharmaceutical products throughout the United States.  Upon information and belief, Defendants know that their actions will induce acts that constitute direct infringement of claims of the '853 patent by, e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists.

99.    Upon information and belief, by offering for sale or selling within the United States or importing into the United States Defendants' ANDA Products and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendants will contribute to the infringement of the '853 patent by third parties because: (i) Defendants' ANDA Products constitutes a material part of the methods of treatment claimed in the '853 patent; (ii) Defendants know or should know that Defendants' ANDA Products will be made for uses that directly infringe the methods of treatment claimed in the '853 patent; and (iii) Defendants' ANDA

Products are not staple articles or commodities of commerce suitable for substantial noninfringing uses.

100.    Upon information and belief, Defendants have acted with full knowledge of the '853 patent and its claims and without a reasonable basis for believing that Defendants would not be liable for infringement of the '853 patent.  Defendants knew of the existence of the '853 patent, as evidenced by Defendants' filing of Defendants' ANDA with a paragraph IV certification specifically referencing the '853 patent.  Notwithstanding this knowledge, Defendants have continued to signal their intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the Defendants' ANDA Products before the expiration of the patents-in-suit.  Upon information and belief, through such activities, Defendants specifically intend infringement of the '853 patent.

101.    Upon information and belief, the actions described herein relating to Defendants' ANDA and Defendants' ANDA Products were done by and for the benefit of all Defendants.

102.    This case is "exceptional," and Supernus is entitled to an award of reasonable attorneys' fees under 35 U.S.C. § 285.

103.    Unless Defendants are permanently enjoined by this Court, the acts of infringement set forth above will cause Supernus irreparable harm for which there is no adequate remedy at law.

## THIRD COUNT
### (Defendants' Infringement of the '338 Patent)

104.    Supernus repeats and re-alleges each of the foregoing Paragraphs as if fully set forth herein.

105.    Upon information and belief, Defendants submitted Defendants' ANDA to FDA pursuant to § 505(j) of the FDCA (codified at 21 U.S.C. § 355(j)) for the purpose of seeking FDA approval to market Defendants' ANDA Products prior to the expiration of the '338 patent.

106.    Upon information and belief, Zydus FZE provided, is providing, and will provide material and significant support, advice, aid, instruction, inducement, and encouragement to Zydus Limited and Zydus USA in the preparation, filing, maintenance, and further prosecution of Defendants' ANDA.

107.    Upon information and belief, Zydus Limited provided, is providing, and will provide material and significant support, advice, aid, instruction, inducement, and encouragement to Zydus FZE and Zydus USA in the preparation, filing, maintenance, and further prosecution of Defendants' ANDA.

108.    Upon information and belief, Zydus USA provided, is providing, and will provide material and significant support, advice, aid, instruction, inducement, and encouragement to Zydus FZE and Zydus Limited in the preparation, filing, maintenance, and further prosecution of Defendants' ANDA.

109.    Upon information and belief, Defendants are jointly and severally liable for Defendants' infringement of one or more claims of the '338 patent.

110.    Upon information and belief, Defendants submitted Defendants' ANDA with a paragraph IV certification to the '338 patent for the purpose of obtaining FDA approval to engage in the commercial manufacture, use, sale, offering for sale, and/or importation of Defendants' ANDA Products before the expiration of the '338 patent.

111.    Upon information and belief, as of the date of the Notice Letter, Defendants were aware of the statutory provisions and regulations in 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7).

112.    Defendants sent the Notice Letter to Supernus purportedly pursuant to 21 U.S.C. § 355(j)(2)(B)(iv) and 21 C.F.R. § 314.95(d)(1).

113.    Under 35 U.S.C. § 271(e)(2)(A), the submission of Defendants' ANDA with a paragraph IV certification to the '338 patent for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of Defendants' ANDA Products before the expiration of the '338 patent is itself an act of infringement of the '338 patent.

114.    Upon information and belief, Defendants will commercially manufacture, use, offer to sell, sell within the United States, and/or import into the United States Defendants' ANDA Products upon receiving final FDA approval.

115.    Upon information and belief, Defendants' commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Defendants' ANDA Products would infringe, directly and/or indirectly, one or more claims of the '338 patent under 35 U.S.C. § 271(a), 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c).

116.    Upon information and belief, the commercial manufacture, use, offer to sell, or sale of the Defendants' ANDA Products prior to the expiration of the '338 patent will directly infringe the '338 patent under 35 U.S.C. § 271(a), will actively induce another's infringement of the '338 patent under 35 U.S.C. § 271(b), and will constitute contributory infringement of the '338 patent under 35 U.S.C. § 271(c).

117.    Upon information and belief, Defendants' ANDA Products will be marketed with labeling that substantially copies the labeling for Qelbree®.

118.    Upon information and belief, the label for Defendants' ANDA Products that will be made available to third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists) upon FDA approval of Defendants' ANDA will encourage such third parties to infringe one or more of the claims of the '338 patent.

119.    Upon information and belief, the use of Defendants' ANDA Products by third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists) according to the instructions on the label of Defendants' ANDA Products will constitute an act of direct infringement of one or more of the claims of the '338 patent.

120.    Upon information and belief, by making, using, selling, offering for sale, and/or importing into the United States Defendants' ANDA Products and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendants will knowingly encourage, advise, instruct, urge, aid, and otherwise induce third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists), to make, use, sell, offer for sale, and/or import into the United States products that infringe the claims, or the making or use of which infringes the claims, of the '338 patent.

121.    Upon information and belief, Defendants intend such infringement by third parties, as Defendants are in the business of developing, manufacturing, marketing, selling, and distributing generic pharmaceutical products throughout the United States.  Upon information and belief, Defendants know that their actions will induce acts that constitute direct infringement of claims of the '338 patent by, e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists.

122.    Upon information and belief, by offering for sale or selling within the United States or importing into the United States Defendants' ANDA Products and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendants will contribute to the infringement of the '338 patent by third parties because: (i) Defendants' ANDA Products constitutes a material part of the formulations claimed in the '338 patent; (ii) Defendants know or should know that Defendants' ANDA Products will be made for uses that directly infringe the formulations claimed in the '338 patent; and (iii) Defendants' ANDA Products are not staple articles or commodities of commerce suitable for substantial noninfringing uses.

123.    Upon information and belief, Defendants have acted with full knowledge of the '338 patent and its claims and without a reasonable basis for believing that Defendants would not be liable for infringement of the '338 patent.  Defendants knew of the existence of the '338 patent, as evidenced by Defendants' filing of Defendants' ANDA with a paragraph IV certification specifically referencing the '338 patent.  Notwithstanding this knowledge, Defendants have continued to signal their intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the Defendants' ANDA Products before the expiration of the patents-in-suit.  Upon information and belief, through such activities, Defendants specifically intend infringement of the '338 patent.

124.    Upon information and belief, the actions described herein relating to Defendants' ANDA and Defendants' ANDA Products were done by and for the benefit of all Defendants.

125.    This case is "exceptional," and Supernus is entitled to an award of reasonable attorneys' fees under 35 U.S.C. § 285.

126.    Unless Defendants are permanently enjoined by this Court, the acts of infringement set forth above will cause Supernus irreparable harm for which there is no adequate remedy at law.

127.    Unless Defendants are permanently enjoined by this Court, the acts of infringement set forth above will cause Supernus irreparable harm for which there is no adequate remedy at law.

### **Prayer for Relief**

WHEREFORE, Supernus respectfully requests the following relief:

i.    A Judgment declaring that the patents-in-suit are enforceable and not invalid;

ii.    A Judgment, pursuant to 35 U.S.C. § 271(e)(2)(A), declaring that the submission to FDA and filing of Defendants' ANDA with a paragraph IV certification for the purpose of obtaining approval for the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Defendants' ANDA Products was an act of infringement of the patents-in-suit by Defendants;

iii.    A Judgment pursuant to 35 U.S.C. § 271(a), 35 U.S.C. § 271(b), and/or 35 U.S.C. § 271(c), declaring that the commercial manufacture, use, offering to sell, or sale within the United States, and/or importation into the United States, of Defendants' ANDA Products before the expiration of the patents-in-suit (including any regulatory extensions) would directly and/or indirectly infringe the patents-in-suit;

iv.    An Order, pursuant to 35 U.S.C. §§ 271(e)(4)(A), 281, and 283, that the effective date of any approval of Defendants' ANDA Products shall be no earlier than the latest date on which the patents-in-suit expire (including any regulatory extensions);

v.  An Order, pursuant to 35 U.S.C. §§ 271(e)(4)(B), 281, and 283, preliminarily and permanently enjoining Defendants and their officers, agents, servants, employees, and attorneys, and any person in active concert or participation or privity with Defendants, from engaging in the commercial manufacture, use, offering to sell, or sale within the United States, and/or importation in the United States, of Defendants' ANDA Products until the expiration of the patents-in-suit (including any regulatory extensions);

vi.  A Judgment, pursuant to 35 U.S.C. §§ 271(e)(4)(C) and 284, awarding Supernus damages or other monetary relief if Defendants commercially manufacture, use, offer to sell, or sell within the United States, and/or import into the United States, any product that is the subject of Defendants' ANDA that infringes the patents-in-suit;

vii.  A Judgment, pursuant to 35 U.S.C. §§ 271(e)(4)(C) and 284, declaring that Defendants' infringement of the patents-in-suit is willful and awarding Supernus enhanced damages if Defendants commercially manufacture, use, offer to sell, or sell within the United States, and/or import into the United States, any product that is the subject of Defendants' ANDA that infringes the patents-in-suit (including any regulatory extensions);

viii.  A Judgment, pursuant to 35 U.S.C. § 285, declaring that this is an exceptional case and awarding Supernus its attorneys' fees and costs; and

ix.  Such other and further relief as this Court may deem just and proper.

Dated: June 26, 2025

By: s/ William C. Baton
William C. Baton
Alexander L. Callo
**SAUL EWING LLP**
One Riverfront Plaza
1037 Raymond Blvd., Suite 1520
Newark, NJ 07102
wbaton@saul.com

OF COUNSEL:

Edgar H. Haug
Nicholas F. Giove
Andrew S. Wasson
Kaitlin M. Farrell
**HAUG PARTNERS LLP**
745 Fifth Avenue
New York, New York 10151
(212) 588-0800
ehaug@haugpartners.com
ngiove@haugpartners.com
awasson@haugpartners.com
kfarrell@haugpartners.com

*Attorneys for Plaintiff*
*Supernus Pharmaceuticals, Inc.*

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULES 11.2 & 40.1

I hereby certify that the matter in controversy involves the same plaintiff, same drug

product, and same patents that are at issue in the matter captioned *Supernus Pharmaceuticals,*

*Inc. v. Appco Pharma LLC, et al.*, C.A. No. 25-12183 (MEF) (D.N.J.), *Supernus*

*Pharmaceuticals, Inc. v. Apotex Inc.*, C.A. No. 25-12184 (D.N.J.), and *Supernus*

*Pharmaceuticals, Inc. v. Aurobindo Pharma Limited, et al.*, C.A. No. 25-12186 (D.N.J.).

To the best of my knowledge, this matter is not the subject of any other action pending in

any court or of any pending arbitration or administrative proceeding.


Dated: June 26, 2025


OF COUNSEL:
Edgar H. Haug
Nicholas F. Giove
Andrew S. Wasson
Kaitlin M. Farrell
**HAUG PARTNERS LLP**
745 Fifth Avenue
New York, NY 10151

By: s/ William C. Baton
   William C. Baton
   Alexander L. Callo
   **SAUL EWING LLP**
   One Riverfront Plaza
   1037 Raymond Blvd., Suite 1520
   Newark, NJ 07102
   wbaton@saul.com

   *Attorneys for Plaintiff*
   *Supernus Pharmaceuticals, Inc.*